Thomas B. Haynes, Esq. County Attorney, Schenectady
I am writing in response to a request from your office for an Attorney General's opinion as to whether Schenectady County can adopt a local law which would allow for the release of the criminal records of persons volunteering to participate in a local Big Brothers/Big Sisters program.
Under the Executive Law, the Division of Criminal Justice Services is charged with the responsibility for maintaining a "central data facility" containing criminal records of various individuals (Executive Law, §§837[6], [7], [8], [8-a]).* The agencies to whom the Division can release these records is limited to certain "qualified" law enforcement agencies listed in the statute (id., § 835[9]).*
In addition to these provisions for release of records to law enforcement agencies, the Social Services Law also permits the release of the conviction records** of persons who are being considered for employment with adoption and child placement agencies supervised by the Department of Social Services (Social Services Law, §§ 371[10]; 378-a; 9 NYCRR § 6052.1; see also, Social Services Law, §390-b[2][a] [applicant for license to operate day care facility must sign sworn statement as to criminal record]; Vehicle and Traffic Law, §1229-d [release of criminal history of applicants for position of school bus attendant]).
It is also of some interest that bills were introduced in both the Senate and Assembly this year to amend the Social Services Law so as to allow chapters of the Big Brothers/Big Sisters to obtain the conviction records of their volunteers from DCJS (S. 622-A; A. 1105-A).***
Apart from the foregoing situations involving qualified law enforcement agencies under Executive Law, § 835(9) and the authorized adoption agencies under the Social Services Law, neither of which include not-for-profit corporations such as Big Brothers/Big Sisters, release of criminal history records is very carefully proscribed by the Division's regulations. The Division's regulations permit an individual to obtain access to his or her own criminal history file and subsequently challenge its completeness or accuracy (9 NYCRR §§ 6050.1, 6151.1-6151.12). Availability of records to the general public for inspection and copying is governed by 9 NYCRR §§ 6150.1-6150.12. Information contained in an individual criminal history file, however, is specifically exempted from those files available to the general public for inspection and/or copying (9 NYCRR § 6150.4[b][6]).*
Production of criminal records held by local courts is governed by Judiciary Law, § 255 and Uniform Justice Court Act, § 2019-a. These provisions govern the production of conviction records and other records (Matter of Werfel v Fitzgerald, 23 A.D.2d 306 [2d Dept, 1965]; 1979 Op Atty Gen [Inf] 132). Section 160.50 of the Criminal Procedure Law, however, provides for the sealing of the criminal record file upon termination of an action in the defendant's favor (see Op Atty Gen No. 86-24). Records sealed pursuant to this section would not be available for disclosure.
We note that the Department of Social Services maintains a State-wide central register of child abuse and maltreatment (Social Services Law, § 422). The availability of these records is also carefully proscribed by the Social Services Law, and does not provide for release of information to organizations such as Big Brothers/Big Sisters, and would not be subject to amendment by local law (id., § 422[4]).
Thus, the availability of criminal history files is carefully and extensively regulated by the State. A local government is without power to legislate in this area.
* Section 837 provides, inter alia:
 "The division [of criminal justice services] shall have the following functions, powers and duties:
• • •
 "6. Establish, through electronic data processing and related procedures, a central data facility with a communication network serving qualified agencies anywhere in the state, so that they may, upon such terms and conditions as the commissioner, and the appropriate officials of such qualified agencies shall agree, contribute information and have access to information contained in the central data facility, which shall include but not be limited to such information as criminal record, personal appearance data, fingerprints, photographs, and handwriting samples;
 "7. Receive, process and file fingerprints, photographs and other descriptive data for the purpose of establishing identity and previous criminal record;
 "8. Adopt appropriate measures to assure the security and privacy of identification and information data".
* "`Qualified agencies' means courts in the unified court system, the administrative board of the judicial conference, probation departments, sheriffs' offices, district attorneys' offices, the state department of correctional services, the state division of probation and correctional alternatives, the department of correction of any municipality, the insurance frauds bureau of the state department of insurance, the temporary state commission of investigation and police forces and departments having responsibility for enforcement of the general criminal laws of the state."
** Both the Social Services Law and the Division's regulations refer to "conviction" records. The provisions for law enforcement agencies use the seemingly broader term "criminal records". Neither of these terms are specifically defined in the statutes or regulations.
*** The proposed legislation provided, inter alia:
 "Access to conviction records by volunteer organizations.
 "1. Any chapter of the Big Brothers/Big Sisters of America organized under the not-for-profit corporation law may obtain the conviction records maintained by the division of criminal justice services pertaining to any person who on the effective date of this section is rendering volunteer service, or who after the effective date of this section volunteers his or her services to such organizations and who has, or will have the potential for substantial contact with children who are cared for or who participate in activities conducted by such volunteer organizations."
* Availability of conviction records directly from the convicting court is governed by Judiciary Law, § 255 and Uniform Justice Court Act, § 2019-a (see 1979 Op Atty Gen [Inf] 132). You may also wish to consult Criminal Procedure Law, § 160.50 which provides for the sealing of the criminal record file upon termination of the action in defendant's favor (see Op Atty Gen No. 86-24).